# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 09-6064

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| James Terry Clifton Jenkins, II, also | * | |
| known as James T. Jenkins, also known | * | |
| as J. Clifton Jenkins, doing business as | * | |
| Cannongate Construction, also known | * | |
| as James C. Jenkins, also known as | * | |
| Clif Jenkins, | * | |
| | * | |
| Debtor. | * | |
| | * | Appeal from the |
| Mark T. McCarty, | * | United States |
| | * | Bankruptcy Court for the |
| Trustee - Appellant, | * | Eastern District of Arkansas |
| | * | |
| v. | * | |
| | * | |
| James Terry Clifton Jenkins, II, | * | |
| | * | |
| Debtor - Appellee. | * | |

Submitted: April 1, 2010
Filed: April 26, 2010

Before **SCHERMER, MAHONEY and SALADINO,** Bankruptcy Judges

SCHERMER, Bankruptcy Judge

Mark T. McCarty, Chapter 13 trustee, (the "Trustee") appeals from the Order denying the Trustee's Motion to Dismiss the Chapter 13 bankruptcy case of James Terry Clifton Jenkins, II (the "Debtor"). The Trustee claimed that the Debtor was in material default under the terms of his Chapter 13 plan because the plan would not be complete within its sixty month term. The bankruptcy court[1] determined that the Debtor was not in default. The court found that the Debtor had made all payments required under his modified plan. We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## ISSUE

The issue on appeal is whether the bankruptcy court correctly interpreted its order confirming the Debtor's Chapter 13 plan when it determined that the Debtor made all payments required under his modified Chapter 13 plan and, accordingly, denied the Trustee's Motion to Dismiss the Debtor's bankruptcy case.

## BACKGROUND

In August of 2004, the Debtor filed his voluntary petition for relief under Chapter 13 of title 11 of the United States Code (the "Bankruptcy Code"). Together with his petition, the Debtor filed his Chapter 13 plan. The plan proposed monthly payments for sixty months, beginning in September of 2004.

The Debtor modified his plan twice before it was confirmed. The first modification was made in response to an objection to confirmation that was filed by his mortgage lender. This modification recognized an increased amount of arrearage owed by the Debtor on his home mortgage. Accordingly, it increased the Debtor's

---

[1]The Honorable Richard D. Taylor, Chief United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas.

monthly plan payment and the sum of payments to be made under the plan. Thereafter, the Debtor failed to make a monthly payment that was due under his plan. The Debtor made the second pre-confirmation modification to his plan in response to the Trustee's objection to confirmation. The Trustee cited "insufficient base" as the reason for his objection. The "insufficient base" objection meant that the plan payments were insufficient to meet the obligations that the Debtor proposed to pay through the plan. The Debtor modified his plan to increase the amount of his monthly payment. The bankruptcy court then confirmed the Debtor's plan on March 8, 2005.

Following confirmation of his plan, the Debtor modified his plan three additional times. The Trustee and the Debtor's creditors did not object to the modifications. The bankruptcy court approved each modification. Only the first and third post-confirmation modifications changed the amount of the Debtor's monthly payment. The first modification was made as a response to: (1) a motion by the Trustee to dismiss the Debtor's case for failure to make plan payments; and (2) a motion for relief from the automatic stay filed by a creditor holding a secured lien on the Debtor's automobile. The second modification did not change the amount of the Debtor's monthly plan payments. The third post-confirmation modification to the Debtor's plan occurred, in part, in response to a motion for relief from the automatic stay filed by the Debtor's home mortgage lender. The lender alleged that the Debtor was behind on his home mortgage payments that were being paid through his plan.

None of the Debtor's post-confirmation plans included a provision defining the plan base. The plan base is the sum of all payments that a debtor pays under a plan. Each of the Debtor's modifications included separate categories for the amount of the monthly payment to the Trustee, the plan length and the method of payment to unsecured creditors. The Debtor consistently specified that the plan's length would be sixty months and that unsecured creditors would be paid a pro-rata dividend. Each modification included language similar to the statement that "[a]ll other provisions as set forth in the last confirmed plan remain the same." The Debtor did not add specific

language stating whether the plan base should be changed as a part of the modification, or explaining the reason the Debtor proposed to increase the amount of his monthly plan payments.

When the Debtor's plan approached the end of its sixty month term, the Trustee filed a Motion to Dismiss the Debtor's case, claiming that the Debtor was in material default of the terms of his plan because it would not be completed within sixty months, as required by the plan's terms. The Trustee did not dispute that the amounts paid by the Debtor exceeded the amount of his original obligations under the plan. However, the Trustee maintained that the Debtor's payments fell short of his obligations under his modified plan because, each time the Debtor modified the amount of his monthly plan payment, the plan base, the total amount to be paid through his plan, increased.

At a hearing on the Trustee's Motion to Dismiss, the Debtor testified that he made most of the increases in his plan payments only to make-up for payments he had missed. He did not intend to increase the plan base. A representative from the Trustee's office explained that each time the Debtor modified his plan to increase the amount of his monthly payment, the Trustee's office increased the amount of the Debtor's plan base in its internal records. The bankruptcy court found that the Debtor had completed the payments required under his plan. It denied the Trustee's Motion to Dismiss.

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *First Nat'l Bank of Olathe v. Pontow (In re Pontow)*, 111 F.3d 604, 609 (8th Cir. 1997). The bankruptcy court's decision regarding whether to dismiss a bankruptcy case is reviewed for an abuse of discretion. *Marshall v. McCarty (In re Marshall),* 407 B.R. 359, 361 (B.A.P. 8th Cir. 2009). Likewise, we also review a bankruptcy court's interpretation of the meaning of a confirmed plan for an abuse of discretion. *Gen. Elec. Capital Corp. v. Dial Bus. Forms, Inc. (In re Dial Bus. Forms, Inc.)*, 341 F.3d 738, 744 (8th Cir. 2003). When the bankruptcy court does not apply the correct legal standard or it bases its order on findings that are clearly erroneous, an abuse of discretion has occurred. *Official Comm. of Unsecured Creditors v. Farmland Indus., Inc. (In re Farmland Indus., Inc.)*, 397 F.3d 647, 651 (8th Cir. 2005).

## DISCUSSION

Bankruptcy Code section 1307(c) provides, in pertinent part, that "the court . . . may dismiss a case under [Chapter 13], for cause, including - . . . (6) material default by the debtor with respect to a term of a confirmed plan." 11 U.S.C. §1307(c)(6). The Debtor and the Trustee disagree regarding whether the Debtor was in default of the requirement that he complete his plan payments within sixty months. Their dispute concerns whether, each time the Debtor modified his plan to increase the amount of his monthly payment, the Debtor increased the plan base.

A confirmed plan acts as a binding contract and an order of the bankruptcy court. *Dial Bus. Forms, Inc.*, 341 F.3d at 744. At any time, there exists only one plan. When a plan modification is approved, "[t]he plan as modified becomes the plan." 11 U.S.C. §1329(b)(2); *Forbes v. Forbes (In re Forbes)*, 215 B.R. 183, 188 (B.A.P. 8th Cir. 1997)("the plan is a unitary constant"). "The provisions of a

confirmed plan bind the debtor and each creditor." 11 U.S.C. §1327(a). The term "base" is not found in the Bankruptcy Code. It is commonly understood to mean the sum of money that a debtor will pay through his Chapter 13 plan. *See Hildebrand, III v. Hays Imports, Inc. (In re Johnson)*, 279 B.R. 218, 221-222 (Bankr. M.D. Tenn. 2002)("[a] base is calculated that is the minimum amount of money that must be paid to the trustee before the plan is completed").

We defer to the bankruptcy court's interpretation of the confirmation order. *Dial Bus. Forms, Inc.*, 341 F.3d at 744. The bankruptcy court was in the best position to interpret its own order. *See Apex Oil Co., Inc. v. Sparks (In re Apex Oil Co., Inc.)*, 406 F.3d 538, 542 (8th Cir. 2005)*( citing In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 6 F.3d 1184, 1194 (7th Cir. 1993)). After considering the Debtor's testimony regarding his intent when he modified his plan, the bankruptcy court determined that the Debtor modified his plan to make-up missed payments and that he did not "modify his plan to gratuitously bestow on his creditors additional payments." This was a logical and sound interpretation of the Debtor's modified confirmed plan.

The Trustee argued that the bankruptcy court's decision improperly required him to alter the amount of the plan base and that its consideration of the Debtor's testimony violated the parol evidence rule. He also claimed that the Debtor's creditors were deprived of notice of the modifications to the Debtor's plan because the Debtor did not disclose his intent regarding the plan's base. We disagree with the Trustee's position.

The Debtor testified that he made almost all of the increases in his monthly plan payment to make-up missed payments and to ensure that he could complete his plan in sixty months. He did not intend to signal the Trustee that the total amount of payments over the course of his plan should increase whenever he modified the plan's monthly payment amount. The Debtor was the only party to the plan who testified at

6

the hearing. Based on his testimony, we see no logic to the Trustee's argument that he was required to change the plan base. The plan at issue was the Debtor's plan, not the Trustee's plan. The plan base was the total amount that the Debtor agreed to pay. No significant change was made to the plan base post-confirmation. It is irrelevant that, for the purposes of his office's internal records, the Trustee increased the plan base when the Debtor modified the monthly payment amount under his plan.

The bankruptcy court properly considered the Debtor's testimony regarding his intent when he modified his plan. The parol evidence rule requires exclusion of evidence of prior or contemporaneous agreements of the parties which would vary the terms of their express written agreement. *Hoffman v. Late*, 260 S.W.2d 446, 447 (Ark. 1953). Where a written contract contains an ambiguity or is silent about a part of the agreement, parol evidence is admissible to assist with the interpretation of the contract. *F & M Building P'ship v. Farmers and Merchants Bank*, 871 S.W.2d 338, 343 (Ark. 1994).

The Debtor's plan was ambiguous and silent regarding the amount of the base. No modification of the Debtor's plan provided a definition for the term "base" or a specific statement of the base amount. The entries in the plan modifications for the amount of the Debtor's monthly payment to the Trustee, the plan length and the method of payment to unsecured creditors were not tied together. The modifications did not state that the Debtor intended to increase his plan base or explain why the Debtor increased the amount of his monthly plan payment. The Debtor's testimony clarified the terms of his plan without varying them.

The circumstances surrounding the Debtor's modifications of his plan reinforce the fact that the bankruptcy court's interpretation of it is correct. In response to the Trustee's objection to confirmation of the plan, the Debtor modified it to increase his monthly payment. The Trustee cited "insufficient base" as the reason for his objection. The objection was made after the Debtor failed to make a monthly plan

7

payment.  The Debtor increased the amount of the monthly plan payment in post-confirmation modifications after the Trustee filed a motion to dismiss or the Debtor's secured lenders filed motions for relief from the automatic stay.  The motion to dismiss and motions for relief from the automatic stay were based on the Debtor's missed plan payments.

We disagree with the Trustee's argument that creditors were deprived of notice of the Debtor's intent regarding his plan's base.  The Trustee did not dispute that the creditors were served with the plan and each modification thereto.  It is irrelevant that they chose to refrain from objecting to the plan modifications or moving to dismiss the Debtor's bankruptcy case.  *United Student Aid Funds, Inc. v. Espinosa*, --- S.Ct. ----, No. 08-1134, 2010 WL 1027825 at *7 (March 23, 2010) (*citing Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)(due process requires notice to apprise interested parties of the action and allow them to object)).

This case presents a dispute that could have been resolved prior to the time when the Trustee filed his Motion to Dismiss.  We urge bankruptcy courts to require every debtor to specify the plan base in his original plan and any modifications to it.

## CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the bankruptcy court.

―――――――――――――――

8