# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 11-6077

_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Gregory Jay Boyher and Dorothy May Boyher, | * | |
| | * | |
| | * | |
| Debtors. | * | |
| | * | |
| Gregory Jay Boyher | * | |
| | * | Appeal from the United States |
| Debtor – Appellant | * | Bankruptcy Court for the Eastern |
| | * | District of Missouri |
| v. | * | |
| | * | |
| Stuart J. Radloff | * | |
| | * | |
| Trustee – Appellee | * | |

_____

Submitted: March 5, 2012
Filed: March 9, 2012

_____

Before FEDERMAN, VENTERS, AND NAIL, Bankruptcy Judges.

_____

VENTERS, Bankruptcy Judge.


Debtor Gregory Boyher appeals the order of the bankruptcy court approving the Chapter 7 Trustee's "Amended Final Report, Proposed Distribution, and Motion

for Abandonment," over Mr. Boyher's objection.   For the reasons stated below, we affirm the bankruptcy court's order.[1]

## BACKGROUND

This matter arises out of a Chapter 7 bankruptcy case originally filed on February 18, 1999, and closed, without controversy, on August 22, 2000.

On May 31, 2007, the Debtors filed a motion to reopen the case to obtain the administration of the Debtors' potential interest in the proceeds of a settlement of a class action lawsuit entitled *David C. McLean, et al. v. First Horizon Home Loan Corporation*, Case No. 00-CV-228530, then pending in the Circuit Court of Jackson County, Missouri.  The Debtors filed an amended Schedule B to disclose their interest in the settlement.  The bankruptcy court granted the Debtors' motion and Stuart Radloff was reappointed as the Chapter 7 trustee ("Trustee") of their bankruptcy estate.

Several months later, the Trustee filed a "Motion to Approve Compromise," stating, *inter alia*, that the Debtors expected to receive approximately $22,870.13 based on their claim in the class action lawsuit; that the Trustee and Debtors disagreed over the estate's interest in the settlement proceeds; that the parties agreed to split the settlement proceeds, regardless of the ultimate recovery; and that the Debtors waived their right to make a claim to the amounts paid into the bankruptcy estate by exemption or otherwise, except as provided for in the agreement.

On October 20, 2008, the bankruptcy court granted the Trustee's motion. Paragraphs 5 and 8 of the order are of particular relevance to this appeal.  Paragraph 5 states: "Debtors received a settlement check in payment of the Claim in the

---

[1] The Honorable Barry S. Schermer, Chief Bankruptcy Judge for the Eastern District of Missouri.

approximate amount of $22,870.13, ('the Settlement Proceeds') and turned over that check to Trustee."

Paragraph 8 states:

Debtors and Trustee reached a compromise settlement regarding the disposition of the Settlement Proceeds, subject to approval of this Court, on the following terms:

A. Trustee shall retain one-half (½) of the Settlement Proceeds and will distribute the other one-half (½) to Debtors; and,

B. Debtors, by accepting said share of the Settlement Proceeds, waive all claims to any part of Trustee's portion of the Settlement Proceeds, including without limitation, any claim of exemption in the Settlement Proceeds;

On December 12, 2008, the Court issued (on the Trustee's request) an Amended Order providing that the Trustee would distribute the Debtors' share of the Settlement Proceeds only after a final unappealable order was entered in the class action lawsuit and it was determined that the Settlement Proceeds were not subject to recoupment by First Horizon. The Amended Order incorporated all of the other findings of fact and conclusions of law in the October 20, 2008 order and specifically reiterated that the Debtors, "upon accepting said share of the Settlement Proceeds, are deemed to have waived all claims to any part of Trustee's portion of the Settlement Proceeds, including without limitation, any claim of exemption in the Settlement Proceeds. . . ."

On October 21, 2009, Trustee filed a Final Report and Account, indicating that he received $25,165.29 – not $22,870.13 as had been anticipated – from the settlement with First Horizon, and from that amount he paid $2,200 to the IRS and $800 to the Missouri Department of Revenue in "estimated" tax payments, and $11,091.37, representing one-half of the remainder of the Settlement Proceeds, to the

3

Debtors.[2]  The Final Report was approved, without objection, on December 7, 2009, and the case was closed (again) on September 8, 2010.

On May 4, 2011, the Trustee filed a motion to reopen the case to administer $1,972.35 that the IRS had refunded from the estimated tax payments.[3]  And on August 28, 2011, the Trustee filed an Amended Final Report proposing to distribute the $1,972.35 to creditors that had timely filed claims in the Debtors' bankruptcy case.  The Amended Final Report was approved – without objection from the Debtor – on September 23, 2011.[4]

On October 12, 2011, Mr. Boyher filed an objection[5] to the Amended Final Report arguing that the money refunded by the IRS should go back to the IRS in payment of Mr. Boyher's 2008 income tax liability.  The bankruptcy court held a hearing on Mr. Boyher's objection, after which it entered a written order overruling the objection and approving the Trustee's Amended Final Report.  The order stated that Mr. Boyher's objection was overruled "on the merits," as well as being in

---

[2] After deducting the estimated tax payments, one half of the remainder would actually be $11,082.65 ($25,165.29 - $3,000 = $22,165.29; $22,165.29 / 2 = $11,082.65).  This slight discrepancy ($8.72) is not at issue in this appeal and has no effect on our analysis.

[3] No clear explanation has been given for the refund, although it appears from the pleadings that the IRS determined that the Debtor has greater liability than the bankruptcy estate for the settlement proceeds.

[4] The Debtors' failure to timely object to the Amended Final Report despite having notice (as evidenced by an attached Certificate of Service) is grounds alone to affirm the bankruptcy court.  In the interest of clarity and finality, however, we affirm on the merits as well.

[5] The pleading filed by the Debtor was actually titled "Motion for Clarification," but the bankruptcy court generously treated it as an objection to the Trustee's Amended Final Report.

contravention of the bankruptcy court's December 12, 2008 order which stated that "the Debtors, upon accepting said share of the Settlement Proceeds are deemed to have waived all claims to any part of Trustee's portion of the Settlement Proceeds. . . ."

## STANDARD OF REVIEW

The bankruptcy court overruled Mr. Boyher's objection to the Trustee's Amended Final Report based largely on the language of the court's December 12, 2008 order. A bankruptcy court's interpretation of its own order is reviewed under an abuse of discretion standard.[6] An abuse of discretion will be found only if the court's judgment was based on clearly erroneous factual findings or on erroneous legal conclusions.[7] In its application, the abuse of discretion standard is nearly indistinguishable from the clearly erroneous standard.[8] "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed."[9]

For the reasons stated below, we find that the bankruptcy court did not abuse its discretion in interpreting its December 12, 2008 order, to overrule the Debtor's objection and to approve the Trustee's Amended Final Report.

---

[6] *See JCB, Inc. v. Union Planters Bank, NA*, 539 F.3d 862, 870 (8th Cir. 2008) (citing *Gen. Elec. Capital Corp. v. Dial Bus. Forms, Inc. (In re Dial Bus. Forms, Inc.)*, 341 F.3d 738, 744 (8th Cir. 2003)).

[7] *See In re Bowman*, 253 B.R. 233, 237 (B.A.P. 8th Cir. 2000).

[8] *See In re Crossroads Ford, Inc.*, 449 B.R. 366, 367 (B.A.P. 8th Cir. 2011) (citing *Gourley v. Usery (In re Usery)*, 242 B.R. 450, 457 (8th Cir. BAP 1999)).

[9] *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

5

**DISCUSSION**

As noted above, the bankruptcy court approved the Amended Final Report based on the statement in the December 12, 2008 order that "upon accepting said share of the Settlement Proceeds [Debtors] are deemed to have waived all claims to any part of Trustee's portion of the Settlement Proceeds." Implied in this ruling is a finding that the money the Trustee used to make the estimated tax payments to the IRS came from the Trustee's portion of the Settlement Proceeds. That finding was neither clearly erroneous nor based on an erroneous legal conclusion.

Although the motion to compromise controversy and the December 12, 2008 Amended Order (incorporating the consistent terms of the October 20, 2008 order) granting the motion are silent on the issue of taxes, the Debtors did not object to the Trustee's October 21, 2009 Final Report, which unambiguously noted that the $2,200 distribution to the IRS for taxes on the Settlement Proceeds was "estimated." If the Debtors wanted to reserve their right to claim all or a portion of a potential refund of excess taxes, it was incumbent on them to negotiate that at the time they compromised their dispute with the Trustee or to object to the 2009 Final Report; they did neither. The Debtors' acquiescence to the 2009 Final Report is tantamount to an acknowledgment that the funds used to pay the estimated federal taxes constituted the "Trustee's portion of the Settlement Proceeds." Consequently, the Debtors waived their rights in those funds under the plain language of the Court's December 12, 2008 order.

We recognize that the Trustee's motion to compromise controversy and the October 20, 2008 order contain language suggesting that the parties intended to evenly split the Settlement Proceeds, regardless of the amount eventually received in the settlement, and that the parties likely expected that the taxes on the Settlement Proceeds would be extinguished by the Trustee's estimated tax payments. But those facts do not mitigate or supercede the clear language in the bankruptcy court's December 12, 2008 order that the Debtors waived any claim to receive – or to direct

the distribution of – any portion of the Settlement Proceeds beyond the amount they received pursuant to their settlement with the Trustee.

Therefore, for the reasons stated above, we affirm the order of the bankruptcy court overruling Mr. Boyher's objection to the Trustee's Amended Final Report, Proposed Distribution, and Motion for Abandonment.

———————————————