# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 15-6021

_____

In re: Patricia A. Segraves, formerly known as Patricia A. Curtis, also known as
Patricia L. Seagraves

*Debtor*

------------------------------

Alan Boyd Curtis

*Creditor - Appellant*

v.

Patricia A. Segraves

*Debtor - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: November 23, 2015
Filed: November 30, 2015

_____

Before KRESSEL, SALADINO and SHODEEN, Bankruptcy Judges.

_____

SALADINO, Bankruptcy Judge.

Alan Boyd Curtis, the appellant, appeals from an order of the bankruptcy court[1] denying his "motion to dismiss petitioner's Chapter 13 bankruptcy petition for failure to comply with 11 U.S.C.S. § 109(h)(3)(A); filed in bad faith to hinder, delay, and defraud creditors."[2] The bankruptcy court's order was previously determined to be a final order, so we have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

The debtor, Patricia A. Segraves, filed her Chapter 13 voluntary petition on September 27, 2012. On the same date, she filed a certificate certifying that she had received the required credit counseling, via telephone and internet, on September 20, 2012, from a court-approved credit counseling agency. The certificate was signed by a senior counselor of the agency.

Mr. Curtis is a creditor and argued that the debtor herself was required to sign the statement of credit counseling under penalty of perjury. The bankruptcy court disagreed, ruling that the Bankruptcy Code merely requires the debtor to establish that she had received a briefing regarding credit counseling in compliance with 11 U.S.C.

_____

[1]The Honorable Barry S. Schermer, United States Bankruptcy Judge for the Eastern District of Missouri.

[2]Although the caption of the motion filed by Mr. Curtis references "filed in bad faith to hinder, delay, and defraud creditors," no such allegations are made or otherwise addressed in the body of the motion nor were any such issues addressed by the bankruptcy court. Therefore, we will not address them on appeal. Arguments raised but not developed are deemed waived. *Garden v. Central Neb. Housing Corp.*, 719 F.3d 899, 905 n.2 (8th Cir. 2013) (citing *Cubillos v. Holder*, 565 F.3d 1054, 1058 n.7 (8th Cir. 2009)). The court need not consider arguments or issues "not developed in [a party's] briefs as required by Federal Rule of Appellate Procedure 28(a)(9)(A)." *Rotskoff v. Cooley*, 438 F.3d 852, 854 (8th Cir. 2006). "It is thus considered abandoned for failure 'to provide any reasons or arguments' for his contentions." *Id.* at 854–55 (quoting *United States v. Zavala*, 427 F.3d 562, 564-65 n.1 (8th Cir. 2005)).

§ 109(h)(1). The court found that the certificate of counseling was sufficient to meet the statutory requirements and denied Mr. Curtis' contention to the contrary because it was "based on an erroneous interpretation of law."

The bankruptcy court's decision regarding whether to dismiss a bankruptcy case is reviewed for an abuse of discretion. *McCarty v. Jenkins (In re Jenkins)*, 428 B.R. 845, 848 (B.A.P. 8th Cir. 2010). The bankruptcy court abuses its discretion when it fails to apply the proper legal standard or bases its order on findings of fact that are clearly erroneous. *Official Comm. of Unsecured Creditors v. Farmland Indus., Inc. (In re Farmland Indus., Inc.)*, 397 F.3d 647, 651 (8th Cir. 2005) (citing *Stalnaker v. DLC, Ltd.*, 376 F.3d 819, 825 (8th Cir. 2004)).

11 U.S.C. § 109(h) provides in relevant part as follows:

> (1) Subject to paragraphs (2) and (3) . . . an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.
> ***
> (3)(A) [T]he requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that –
>      (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1)[.]

The language of section 109(h) is plain. *Hedquist v. Fokkena (In re Hedquist)*, 342 B.R. 295, 300 (B.A.P. 8th Cir. 2006). It does not require that a debtor sign a credit counseling certificate under penalty of perjury. Nor does 11 U.S.C. § 521(b)(1), which simply requires an individual debtor to file with the court "a certificate from the

approved nonprofit budget and credit counseling agency that provided the debtor services under section 109(h) describing the services provided to the debtor. . . ." Mr. Curtis seems to believe the "certificate" requirement of § 521(b)(1) somehow requires a signature by the debtor under penalty of perjury. Clearly, it does not. In fact, it doesn't require a signature of the debtor at all. It only requires a certificate from the credit counseling agency. The bankruptcy court did not fail to apply the proper legal standard or base its decision on clearly erroneous findings of fact. Rather, it correctly applied the law and denied Mr. Curtis' motion.

Mr. Curtis also argues issues related to his appeal of an order granting the debtor's motion to sell certain real property free and clear of liens. That appeal was docketed as Case No. 15-6027. However, the appeal was dismissed on September 24, 2015, because Mr. Curtis failed to pay the required fees. Accordingly, we lack jurisdiction to decide that appeal. Moreover, Mr. Curtis' motion to stay the sale pending appeal was denied, so the sale proceeded and is now final. Therefore, the appeal is moot. *Sears v. U.S. Trustee (In re AFY, Inc.)*, 734 F.3d 810, 816-17 (8th Cir. 2013); 11 U.S.C. § 363(m).

Finally, Mr. Curtis raises a variety of other issues but we will not address matters which were not presented to the bankruptcy court in the first instance or otherwise are unrelated to the issue on appeal. *Dapec, Inc. v. Small Bus. Admin. (In re MBA Poultry, L.L.C.)*, 291 F.3d 528, 534 n.3 (8th Cir. 2002) (declining to address argument not raised in the bankruptcy court).

For the reasons stated above, we affirm.

_____